RECEIVED

2016 JUN -9 AM 9:51

U.S. COURT OF APPEALS
FOURTH CIRCUIT

In the United States Court of Appeals
for the Fourth Circuit

United States of America,  )
                  Appellee  )
                             )
    v.                           )    Appeal No.   16-6682
                             )
Ronald Doerrer,          )
                  Appellant  )
                             )

## Motion for Injunction Pending Appeal

Ronald Doerrer, pro se[1], Petitioner-Appellant, moves this Honorable Court of Appeals of the Fourth Circuit to issue an Injunction Pending Appeal of the District Court's judgment enforcing the "Motion to Quash Continuing Writ of Garnishment" (Document 62) entered by the Eastern District of North Carolina on March 25, 2016.

Petitioner-Appellant filed a Motion for Injunction Pending Appeal on May 17, 2016 (Document 77). This Honorable District Court denied this Motion without reason on June 1, 2016.

---

[1] The petitioner avers that he is not an attorney and has no legal or professional training pertaining to the preparation and filing of legal motions or memorandums. The petitioner seeks notice of such limitations and prays this Court will construe his pleadings liberally in light of the Supreme Court holding in Haines v. Larner, 404 U.S. 519 (1972).

Petitioner will show why the Circuit Court should overrule the District Court and allow this injunction:

1) This Appeal to the Fourth Circuit has merit. This petition makes a strong showing on the issues and is likely to prevail on the merits of the Appeal.

2) <u>Federal Rules of Appellate Procedure</u> and <u>Federal Rules of Civil Procedure</u> both note the power to grant relief pending Appeal. Fed.R.App.P. 8(a)(1) and Fed.R.Civ.P. 62(c). As noted by the Supreme Court, a Federal Court's power to issue stays pending Appeal is "part of its traditional equipment." - <u>Scripps-Howard Radio Inc. v. FCC</u>, 316 U.S. 4 (1942). <u>Ohio Valley Envtl. Coalition v. United States Army Corps of Engineers</u>, 890 F.Supp 2d 688, 690 (S.D.W.Va 2012).

3) As displayed by the "Motion to Quash Continuing Writ of Garnishment" (Document 62), both Petitioner-Appellant and especially his family are likely to suffer irreparable harm if the stay is ignored.

4) The Honorable District Court denied the "Motion for Injunction Pending Appeal Pursuant to Fed.R.Civ.P. 62(c)" without any reason given. The Court returned the Motion, stamped "Motion Denied" along with a stamp of U.S. District Judge Louise W. Flanagan's name and the date, to the Petitioner-Appellant (Document 87).

-2-

5) As shown by the "Appeal to District Court's Order to Deny 'Motion to Quash Continuing Writ of Garnishment' " (enclosed for filing), the Summary of Issues, Issue number four (4) on Page 4 of the Appeal states that the government immediately eliminated all the funds in two joint bank accounts (BB&T and Bank of America) and a joint IRS tax refund (see Footnote 6). The surrendered value of the life insurance policy the government garnished from Canada Life Insurance Company of America was in Mr. Doerrer's name only. As stated in this Appeal, these funds were for the daily expenses needed to support Mr. Doerrer's disabled wife and daughter. This action by the government clearly caused irreparable injury, especially to a mentally-disabled wife - "it cannot be adequately measured" because of the emotional damage.

6) In the United States of America's response in Opposition to Defendant's Motion for Injunction Pending Appeal Pursuant to Fed.R.Civ.P. 62(c) (Document 86 filed May 27, 2016), the government contended that Petitioner-Appellant "failed to post supersedeas bond" ... or identify "any 'extraordinary circumstances' as to why the Court should restrain the United States from enforcing the Writ."

The Petitioner-Appellant is imprisoned at the Federal Prison Camp, Butner, North Carolina. His circumstances are (A) "beyond his control or external to his own conduct",

(B) "extraordinary circumstances" (C) "that prevent him from filing a" (supersedeas bond). See Rouse v. Lee, 339 F.3d 238, 251 (CA4 2003). Black's Law Dictionary, Tenth Edition defines "extraordinary circumstances" as: "A highly unusual set of facts that are not commonly associated with a particular thing or event." Pro se incarcerated inmates have no access to obtaining bond. Petitioner-Appellant's wife, who suffers from a mental disability, is unable to assist this incarcerated inmate. Therefore, Doerrer contends that there are highly unusual circumstances - "extraordinary circumstances."

## Conclusion

Petitioner-Appellant prays that this Court of Appeals for the Fourth Circuit will stay this garnishment, have the government return the funds to the joint bank accounts, return the IRS tax refund and the funds taken from the surrendered value of the life insurance policy, or any other relief this Circuit Court deems appropriate.

Respectfully submitted on this 6 day of June, 2016,

*Ronald Doerrer* (signature)

Ronald Doerrer
58455-056

-4-

Certificate of Service

I certify that a true and correct copy of the attached:

Motion for Injunction Pending Appeal

was hand-delivered to legal mail at the Federal Prison Camp, Butner for mailing via the United States Postal Service first-class, postage prepaid, addressed to:

Clerk of Court
United States Court of Appeals for the Fourth Circuit
Courthouse Annex
1100  East Main Street, Suite 501
Richmond, Virginia   23219-3525

    and

Joshua B. Royster
Assistant U.S. Attorney
310 New Bern Avenue
Suite 800
Raleigh, North Carolina   27601-1461


Respectfully submitted on this __6__ day of June, 2016,


_____
Ronald Doerrer
58455-056