# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# INFORMAL BRIEF

**No.** 16-6682, US v. Ronald Doerrer

7:14-cr-00013-FL-1

1. **Jurisdiction (for appellants/petitioners only)**

A. Name of court or agency from which review is sought:

Eastern District of North Carolina

B. Date(s) of order or orders for which review is sought:

May 9, 2016

2. **Timeliness of notice of appeal or petition for review (for prisoners only)**

Exact date on which notice of appeal or petition for review was placed in institution's internal mailing system for mailing to court:

June 6, 2016

3. **Issues for Review**

Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.**

-- See Attachment for Complete Information --

**Supporting Facts and Argument.**

-- See Attachment for Complete Information --

**Issue 2.**

-- See Attachment for Complete Information --

**Supporting Facts and Argument.**

-- See Attachment for Complete Information --

**Issue 3.**

-- See Attachment for Complete Information --

**Supporting Facts and Argument.**

-- See Attachment for Complete Information --

**Issue 4.**

-- See Attachment for Complete Information --

**Supporting Facts and Argument**

-- See Attachment for Complete Information --

4. **Relief Requested**

**Identify the precise action you want the Court of Appeals to take:**

-- See Attachment for Complete Information --

5. **Prior appeals (for appellants/petitioners only)**

-- None --

A. Have you filed other cases in this Court? Yes [ ] No [X]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

-- N/A --

Signature
[Notarization Not Required]

Ronald Doerner

[Please Print Your Name Here]

**CERTIFICATE OF SERVICE**

**********************

I certify that on June 6, 2016 I served a copy of this Informal Brief on all parties, addressed as shown below:

Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

1) Clerk of Court
US Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3525

2) Evan Rikhye
Office of the United States Attorney
Federal Building
310 New Bern Avenue
Suite 800
Raleigh, North Carolina 27601-1461

3) Joshua Bryan Royster
Office of the United States Attorney
Federal Building
310 New Bern Avenue
Raleigh, North Carolina 27601-1461

In the United States Court of Appeals

for the Fourth Circuit

No. 16-6682

United States of America

                        Plaintiff-Appellee

versus

Ronald Doerrer

                        Defendant-Appellant

Case No. 7:14cr-00013-FL-1

Appeal from the District Court
for the Eastern District of North Carolina

---

June 6, 2016

## Appeal to District Court's Order to Deny "Motion to Quash Continuing Writ of Garnishment"

Ronald Doerrer, a pro se[1] petitioner, hereafter Doerrer, Defendant, or Appellant, appeals the decision of the Eastern District of North Carolina to deny his Motion to Quash Continuing Writ of Garnishment. Doerrer argues that the government's garnishment is in violation of the Restitution Order of January 8, 2015; therefore, the District Court erred when it denied Appellant's Motion ot Quash. Doerrer will show why his argument should prevail below.

## Background

Ronald Doerrer was convicted of Conspiracy to Commit Bank Fraud. On January 8, 2015, after a plea of guilty, Doerrer was sentenced to 18 months of imprisonment, three years of supervised release, and restitution in the amount of $564,882.62 and a $100.00 special assessment (see Document # 35).

The Judgment and Commitment Order (J & C) also contained a statement entitled "Additional Terms for Criminal Monetary Penalties," which, in essence, is an "installment contract" (hereafter referred to as such), which reads:

> Payment of restitution shall be due and payable in full immediately. However, if

1 The petitioner avers that he is not an attorney and has no legal or professional training pertaining to the preparation and filing of legal motions or memorandums. The petitioner seeks notice of such limitations and prays this Court will construe his pleadings liberally in light of the Supreme Court holding in Haines v. Larner, 404 U.S. 519 (1972).

> the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

## Summary of Issues

Doerrer moves this Honorable Court to review the issues presented:

**1)** There was no change in Doerrer's economic circumstances to justify the garnishment. See 18 U.S.C. §3664(k).

**2)** The District Court's "installment contract" is in place. This contract is to begin (60) sixty days after release. Doerrer has fulfilled any and all requirements of his plea agreement, Judgment and Commitment Order, and any requests the Court or the government has made.

**3)** Doerrer objects to any modification to the agreement.

Title 18 Section 3664(o), as well as Grant v. United States, 715 F.3d 552, 557 (CA4 2013), cement this argument.

4) The Garnishment that took effect (3) days after the District Court's order and completely eliminated all the funds in Doerrer's bank account(s). These funds were utilized by his mentally disabled wife and physically disabled daughter for day-to-day living expenses.

Doerrer prays that these (4) four issues, as well as the many other arguments contained in this appeal, will convince this Honorable Court of Appeals to overrule the District Court's Order to Deny Doerrer's Motion to Quash the Continuing Writ of Garnishment.

**No Change in Economic Circumstances 18 U.S.C. §3664(k)**

1) Doerrer's economic circumstances have remained constant since he timely filed a comprehensive financial statement with the Probation Department, which they utilized in preparing his Presentence Report (PSR). This financial statement was available to the government[2] throughout the pre- and post-sentencing procedures. The only change to Doerrer's overall

2 "The court shall disclose to the defendant and the attorney for the Government all portions of the presentence or other reports pertaining to matters described in subsection (a) of this section." - See 18 U.S.C. §3664(b)

financial situation and capacity was the depletion of his assets caused by lack of income resulting from his imprisonment.

A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions. See §3664(o). One of the enumerated statutory exceptions states in part: A Court may "adjust the payment schedule" if it finds a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." - §3664(k) Additionally, a defendant's receipt of a windfall during imprisonment triggers and automatic payment requirement. See §3664(n). To trigger this automatic payment requirement, the defendant must be under a **current** obligation to satisfy the judgment. See United States v. Roush, 452 F.Supp. 2d 676, 682 (N.D.Tx 2006) (banning the government from garnishing the defendant's bank account before any restitution was due on the ground that "there is presently nothing for the government to enforce.") The "installment contract" instruct the Appellant that "installments of $50 per month to begin 60 days after the defendant's release from prison." Doerrer is very cognizant of this contract and assures the Court of this compliance with all the terms upon his release.

Doerrer insists that it is undisputed that his financial circumstances have not materially changed, enlarged, miltiplied, nor expanded since sentencing; they have only depleted. The

government offers no evidence that Doerrer has received "substantial resources from any source, including inheritance, settlement, or other Judgment" subsequence to Sentencing. See §3664(n).

Doerrer opposes any modification to his "installment contract", contending that the government never objected to the schedule during sentencing and there has been no "material change" that occurred to warrant modification.

It is undisputed that the government never contested the payment schedule for restitution before or during sentencing. The government knew, or should have known, Doerrer's financial background as a result of the comprehensive financial statement he completed for the Probation Department that is contained in the Presentence Report. Because Doerrer's financial circumstances were known to the Court and to the government during Sentencing, when the payment schedule was established, "it was incumbent on the government to speak up at that time, rather than accepting the Court's ruling without objection." - Roush at 682.

Thus, the government cannot circumvent the restitution order and the established payment schedule by merely citing funds it knew the Defendant possessed prior to and at the time of sentencing. See United States v. Foreman-Pottinger, 2009 U.S. Dist. LEXIS 101143 (E.D.La 2009). Therefore, Doerrer contends that because the government never contested the

payment schedule for restitution before or during[3] sentencing, and failed to present any evidence demonstrating that his financial circumstances have materially changed since sentencing, as required pursuant to 18 U.S.C. §3664(k), it is impermissible for the Court to "adjust the payment schedule" or modify the agreement.

## The Installment Contract

**2)** Doerrer alleges that the District Court's stated intentions at sentencing were that "if you can't pay it today... installments of $50.00 per month will be due 60 days after your release from prison." See Sentencing Transcripts, P 20: 5-9. Also, to highlight the District Court's intentions at sentencing, the Court inserted the word "however" in the "installment contract," knowing that Doerrer did not have the ability to immediately pay the ordered restitution. The word "however" has a meaning of "in spite of that" (Webster's New College Dictionary, 3rd Edition), which implies an agreed option. The Court's intended outcome and oral pronouncements

---

3 After the Court "Pronounced this sentence with some sadness," (T.S. P 21: 10-11) the Honorable Judge asked the government: "Anything further for the Government?" to which the government replied: "Nothing further, Your Honor." Then the Court asked: "And for Probation?" to which they replied: "No, Your Honor." (T.S. P 23: 19-22)

trump what is transcribed on the J&C[4].

The government has statutory authority to enforce only the terms of the restitution order, not to take enforcement action that would exceed a restitution order's payment terms. By requiring a defendant to pay "a debt not yet due, the government would be violating the law's directive that calls on district courts to structure a payment plan schedule thet reflects a defendant's financial condition." See Martinez v. United States, 812 F.3d 1200, 1205-06 (CA10 2015).

In a recent Supreme Court decision, the High Court said: "Court of Appeals have uniformly found it's an abuse of discretion to require defendants to make immediate lump-sum payment for the full amount of restitution award when they do not have the ability to do so." - Pavoline v. United States, 134 S.Ct. 1710, 1742-42 (2014). The Grant Court[5] of the Fourth Circuit said: "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially-recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premise, or commits an error of law." - United States v. Delfino,

4 Moreover, even if the Payment Schedule somehow conflicted with the oral sentencing order, the latter would control. See United States v. Osborne, 345 F.3d 281, 283 n.1 (CA 4 2003) ("It is normally the rule that where a conflict exists between an orally-pronounced sentence and the written judgment, the oral sentence will control.")

5 United States v. Grant, 715 F.3d 552 (CA4 2013)

510 F.3d 468, 470 (CA4 2007).

In this case, the District Court failed to give any reason for denying Doerrer's "motion to Quash Continuing Writ of Garnishment." The Clerk simply stamped the cover sheet of the Motion with the name of the District Judge, affixed a stamp of "Denied", dated it, and mailed it to Appellant.

**Section 3664(o) Enumerated Exceptions**

**3)** What "Congress has set up regarding the issuance and modifications of criminal restitution order is detailed and extensive. The MVRA specifically addresses the **finality** of sentences that include a restitution order" in §3664(o).

A sentence that imposes an order of restitution is a final judgment notwithstanding the facts that -

**I.** Such a sentence can be subsequently -

**A.** Corrected under Rule 35 of the Federal Rules of Criminal Procedure and §3742 of Chapter 235 of this title.

**B.** Appealed and modified under Section 3742.

**C.** Amended under Subsection (d)(5)

or

**D.** Adjusted under Sections 3664(k), 3572, or 3613A.

**II.** The defendant may be resentenced under Sections 3565 or 3614.

None of these enumerated exceptions apply here. "Rule

35 allows correction of a sentence within 14 days of imposition when any error 'resulted from arithmetical, technical, or other clear error' or modification of a sentence for the defendant's substantial assistance to the government. Title 18 Section 3742 concerns an appeal of a sentence. Title 18 Section 3572 concerns adjustment of payment fines. Title 19 Sections 3613A and 3614 concern a defendant's default on payment of a fine or restitution. Title 18 Section 3565 pertains to a defendant's violation of probation. Only section 3664(k), concerning material change in the defendant's ability to pay restitution, is arguably relevant." See Grant v. United States, 715 F.3d 552, 557 (CA4 2013).

Doerrer addresses these very circumstances supra, in Section (1) of this Appeal. Because the Grant decision, as well as Section 3664(k) practically mirrored the Doerrer situation, his motion to Quash the Continuing Writ of Garnishment should prevail.

**A Burden on Family Members**

**4)** The garnishment imposed substantial[6] new restitution

---

6 **A)** Canada Life Insurance Company of America
$4,174.00 05/12/2016
**B)** Branch Banking and Trust Company (BB&T)
$5,874.55 05/12/2016
**C)** Bank of America
$615.98 05/12/2016
**D)** Federal Income Tax Refund
$723.00

payments only three (3) days after the District Court denied the Motion to Quash. These garnishments were taken without any regard to Doerrer's mentally disabled wife or physically disabled daughter. These funds were not "extra" money - they were needed to pay normal family expenses and are deposits from the same monthly income sources listed in the Presentence Report that the Court used as a basis for calculating the current restitution payment schedule. These funds are present earnings and income needed to meet current financial obligations. "(T)his money (that was garnished) toward his restitution obligation without considering whether he could do so and still meet his family's financial needs amounted to abuse of discretion." See Ortergneu v. Cuccinelli, 615 F.3d 263, 290 (CA4 2010) ("A district court abuses its discretion when it... fails to consider judicially recognized factors constraining its exercise of discretion..." - cf. United States v. Bruchey, 810 F.2d 456, 459 (CA4 1987)) ("It is particularly inappropriate for the burden of restitution to fall on innocent dependents, and this concomitantly important that the defendant's financial ability to meet his restitution obligations be fully developed." - Grant at 559.)

The Grant Court went on to say: "The district court's authority to speed up the rate by which a defendant satisfies restitution obligation(s) is not boundless, and when a court imposes payment obligations that are untethered

from the defendant's ability to meet those obligations, the court exceeds its authority." - Grant at 560.

**Conclusion**

Doerrer prays this Honorable Court of Appeals will overrule the District Court's Order to Deny the "Motion to Quash the Continuing Writ of Garnishment," or, as an alternative, provide relief as this Court finds appropriate.

Respectfully submitted on this 6 day of June, 2016,

Ronald Doerrer
58455-056

# Certificate of Service

I certify that a true and correct copy of the attached:

Appeal from the District Court...

was hand-delivered to legal mail at the Federal Prison Camp, Butner for mailing via the United States Postal Service first-class, postage prepaid, addressed to:

Clerk of Court
US Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3525

and

Evan Rikhye
Office of the United States Attorney
Federal Building
310 New Bern Avenue
Suite 800
Raleigh, North Carolina 27601-1461

and

Joshua Bryan Royster
Office of the United States Attorney
Federal Building
310 New Bern Avenue
Raleigh, North Carolina 27601-1461

Respectfully submitted on this 6 day of June, 2016,

Ronald Doerrer
58455-056

Ronald Doerrer 58455-056
Federal Prison Camp
P.O. Box 1000
Butner, North Carolina 27509

Clerk of Court
US Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3525

**RE:** Proof of Filing on Appeal from the District Court for the Eastern District of North Carolina

Dear Clerk of Court:

Please provide me with Proof of Filing of the Motion enclosed. I am providing an extra copy of this Motion and a self-addressed stamped envelope; please stamp this copy and return it in the envelope.

Thank you in advance for your assistance.

Sincerely,

Ronald Doerrer
58455-056



Ronald Doerrer   58455-056
Federal Prison Camp
P.O. Box 1000
Butner, North Carolina   27509

LEGAL MAIL

Clerk of Court
US Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3525



